Lorenzo R. Leoni, WSBA #52659
Email: Lorenzo@olympialegal.com
MORGAN HILL, P.C.
2102 Carriage Dr SW, Building C
Olympia, WA 98502
Telephone: (360) 357-5700
Fax: (360) 357-5761

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DONTEY M. WATKINS and RACHEL R. WATKINS, husband and wife, and on behalf of minors: L.W., T.W., and G.W., | No. |
| Plaintiffs, | **COMPLAINT FOR DAMAGES for VIOLATION OF CIVIL RIGHTS 42 U.S.C. § 1983, and under WASHINGTON STATE LAW:** |
| v. | **TORTS OF FALSE IMPRISONMENT, NEGLIGENCE, LOSS OF** |
| CITY OF OLYMPIA, a Washington municipal corporation; OFFICER BROOKLYN MCKOON #4187; OFFICER B. HOUSER #2233; OFFICER A. WATKINS #4033; OFFICER J. WINNER #3270; and INTERIM CHIEF RICH ALLEN, | **CONSORTIUM, and INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS** |
| Defendants. | **REQUEST FOR JURY TRIAL** |

COMES NOW Plaintiffs DONTEY M. WATKINS and RACHEL R. WATKINS,

husband and wife, and on behalf of their minor children, by and through their attorney of

record, Lorenzo R. Leoni, of Morgan Hill, PC, and allege as follows:

Morgan Hill, P.C.
2012 Carriage Drive, Building C
Olympia, WA 98502
Tel: (360) 357-5700 Fax: (360) 357-5761

# I. JURISDICTION AND VENUE

1.1     This civil action arises under the Constitution and laws of the United States, 42 U.S.C. §1983 for violation of the sixth and fourteenth Amendments to the United State Constitution, and various Washington State constitutional, statutory, and common law tort claims. This Court therefore has original jurisdiction over the plaintiffs' claims for violations of the United States Constitution and Plaintiffs' civil rights, pursuant to 28 U.S.C. §§ 1331 and 28 U.S.C. §§ 1367(a).

1.2     Venue is properly vested in the Court pursuant to 28 U.S.C. § 1391(b), because the actions giving rise to this complaint took place in the City of Olympia, Washington, which is in this District, and Defendants are subject to personal jurisdiction in this District.

1.3     There exists a common nucleus of operative facts as to Plaintiffs' Washington State and federal claims. Consequently, this Court has pendent or supplemental jurisdiction over the Washington State claims pursuant to 28 U.S.C. § 1367.

# II. PARTIES

2.1     Plaintiffs, DONTEY M. WATKINS and RACHEL R. WATKINS, are husband and wife, and L.W., T.W., and G.W., are all, at the time of filing and all relevant times, residents of Thurston County, Washington. Mr. Watkins and his children identify as BIPOC (Black, Indigenous, People of Color[1]).

2.2     Defendant City of Olympia (hereinafter "City") is a Washington municipal corporation located in Thurston County. The Olympia Police Department (hereinafter "OPD") is a

---

[1] Merriam-Webster, https://www.merriam-webster.com/dictionary/BIPOC (last visited May 9, 2022).

Morgan Hill, P.C.
2012 Carriage Drive, Building C
Olympia, WA 98502
Tel: (360) 357-5700 Fax: (360) 357-5761

department or division of the City. Upon information and belief, each of the individual Defendants was an agent or employee of the City at the time of the events described herein.

2.3    Defendants B. McKoon, B. Houser, A. Watkins, and J. Winner are, and were at all relevant times, police officers employed by OPD.

2.4    Defendant Rich Allen is the interim chief of OPD and was at all relevant times employed by OPD.

2.5    In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted within the course and scope of their employment.

2.6    In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, or employee, and/or in concert with, each of the other Defendants.

2.7    In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

### III. FACTUAL ALLEGATIONS

3.1    Plaintiffs incorporate herein by reference the allegations made in the preceding paragraphs of this complaint.

3.2    Plaintiffs Dontey and Rachel Watkins were married on October 17, 2008, and have been together since 2006. Plaintiffs have four boys together: L.W. (7), G.W. (6), T.W. (5), and D.W. (>1).

3.3    Mr. Watkins is a barber by trade and has worked for staffing agencies over the years. Mrs. Watkins was a nursing student at the time of the events alleged below and today is a licensed practical nurse. During the course of the facts below, Plaintiffs lived in low-income housing.

Morgan Hill, P.C.
2012 Carriage Drive, Building C
Olympia, WA 98502
Tel: (360) 357-5700 Fax: (360) 357-5761

3.4    Plaintiffs have enjoyed a harmonious marriage over the past 14 years. However, on October 23, 2020, Mrs. Watkins sought a civil domestic violence protection order (RCW 26.50.030) in Thurston County Superior Court in an effort to get Mr. Watkins in touch with counseling services. The court issued a temporary order of protection under cause number 20-2-30691-34 that restrained Mr. Watkins from contacting Mrs. Watkins and the parties' three children and from coming within 1,000 feet of the marital home. The court set a return hearing on the matter for November 6, 2020. The court also directed OPD to personally serve the petition and temporary order of protection on Mr. Watkins.

3.5    On November 4, 2020, Mrs. Watkins brought a motion to modify the October 23, 2020, temporary order of protection. Specifically, she requested to lift the no contact order and the provisions restraining Mr. Watkins from contacting her and the parties' minor children, going to the marital home, and going within 1,000 feet of the marital home, Mrs. Watkins' workplace, and the children's school. The court granted the motion and issued an order modifying the temporary order of protection.

3.6    On November 5, 2020, Mr. Watkins went to the Thurston County Superior Court Family and Juvenile Court and accepted service of the October 23, 2020 Temporary Order for Protection and Notice of Hearing; Petition for an Order for Protection; Order to Surrender Weapons; Instructions to Turn in Weapons; Motion to Modify Order for Protection; and November 4, 2020 Order Modifying the October 23, 2020 Order for Protection.

3.7    On November 6, 2020, Mrs. Watkins appeared at the return hearing on her October 23, 2020 Petition. Mr. Watkins did not appear but was not defaulted on the Petition because he was not served with the Petition five days before the hearing as required by RCW

Morgan Hill, P.C.
2012 Carriage Drive, Building C
Olympia, WA 98502
Tel: (360) 357-5700 Fax: (360) 357-5761

1    26.50.050. Mrs. Watkins addressed the court at this hearing and requested that the court

2    strike the modifications to the Temporary Order of Protection entered by the court on

3    November 4, 2020. The court granted the request and issued a Reissuance of Temporary

4    Order for Protection and Notice of Hearing for November 20, 2020. Mr. Watkins was

5    never served with this November 6, 2020, Reissuance of the Temporary Order.

6  3.8   On November 20, 2020, neither Plaintiffs Mr. Watkins nor Mrs. Watkins appeared for

7    the return hearing on the Petition for the Domestic Violence Protection Order, and the

8    court dismissed the case.

9  3.9   On November 7, 2020, Mr. Watkins returned to the marital home, unaware that the court

10    had reissued the October 23, 2020 Order and, in essence, rescinded the November 4,

11    2021 Order. Mr. Watkins was distressed at this time due to his hunger and

12    houselessness, and he was seeking aide from Mrs. Watkins. Mrs. Watkins called

13    Thurston County Dispatch and advised that Mr. Watkins was at the marital home and

14    that he needed to be served with the November 6, 2020 Reissuance Order. Officer

15    Brooklyn McKoon responded, but Mr. Watkins was not located. Mrs. Watkins informed

16    Officer McKoon that Mr. Watkins had been texting and calling and that "Dontey had

17    been served on November 5, 2020," with the documents issued by the superior court on

18    November 4, 2020, and October 23, 2020.

19  3.10   On November 7, 2021, Officer McKoon contacted Mr. Watkins by phone. Mr. Watkins

20    admitted to being at the marital home on November 7, 2021. Officer McKoon then

21    asked Mr. Watkins if he would be willing to meet her at the Unity Church in Olympia to

22    receive paperwork that she had in her possession. Mr. Watkins agreed to meet Officer

23

24

Morgan Hill, P.C.
2012 Carriage Drive, Building C
Olympia, WA 98502
Tel: (360) 357-5700 Fax: (360) 357-5761

1    McKoon at the Unity Church, located at 1335 Fern St SW in Olympia, approximately

2    1,056 feet. from the Watkins' marital home.

3    3.11    On November 8, 2020, Officer McKoon and Mr. Watkins met at the Unity Church for

4    the express purpose of Mr. Watkins being served with the most recent and operative

5    orders. At the church, Officer McKoon asked Mr. Watkins if he "had been served" and

6    "what documents he had with him." Mr. Watkins indicated that he had "papers" in his

7    trunk. Officer McKoon allowed Mr. Watkins to retrieve them. Mr. Watkins handed

8    Officer McKoon the documents that he had been served with on November 5, 2020,

9    none of which included the November 6, 2020, Reissuance. Officer McKoon then

10   neglected to confirm if Mr. Watkins had been served with the November 6, 2020

11   Reissuance. Officer McKoon did not ask this because she knew that Mr. Watkins had

12   never received the November 6, 2020 Reissuance, and the very purpose of the meeting

13   at the Unity Church was to give him this most recent document.

14   3.12   Officers Houser, Watkins, and Winner assisted Officer McKoon in the investigation at

15   the Unity Church. Mr. Watkins watched and listened as the officers disagreed regarding

16   whether an arrest was appropriate under the circumstances. Mr. Watkins was not in

17   handcuffs and was standing next to his vehicle. Mr. Watkins listened as Officers Houser,

18   Watkins, and Winner debated with Officer McKoon regarding factual history of the

19   incident. Officers Houser, Watkins, and Winner expressed hesitancy regarding any

20   decision to arrest Mr. Watkins given that there was not a record of Mr. Watkins being

21   served with the November 6, 2020 Reissuance. Mr. Watkins even observed and heard

22   one officer meet with Officer McKoon at the front of a patrol vehicle regarding the

23   factual history. Mr. Watkins heard the officers express to Officer McKoon that an arrest

24

Morgan Hill, P.C.
2012 Carriage Drive, Building C
Olympia, WA 98502
Tel: (360) 357-5700 Fax: (360) 357-5761

1    was not appropriate under the circumstances. Officer McKoon then arrested Mr.

2    Watkins for Violation of a No Contact or Protection Order under RCW 26.50.110. One

3    officer even lamented to Mr. Watkins that "he was not in charge of the situation," and

4    that if he were, an arrest would have not been made.

5  3.13  Officer McKoon drafted an incident report/police report and forwarded it to the City

6    Attorney's office, despite there having been no probable cause to arrest. Officer

7    McKoon noted in her report that she served Mr. Watkins with a copy of the November

8    6, 2020, Reissuance while he was in custody and that the case was "clear with an arrest."

9  3.14  On November 10, 2020, Mrs. Watkins sent an email to Beth Hislop, a victim's advocate

10    with the Olympia City Prosecutor's Office, asking that the case against Mr. Watkins not

11    be pursued and that her initial reason for calling law enforcement on November 7, 2020,

12    was regarding Mr. Watkins' health and wellbeing. This email was forwarded to City

13    prosecutors Briana Pinkston and R. Tye Graham, and public defender Diana Duch.

14  3.15  On November 10, 2020, The Olympia City Attorney's Office filed a criminal complaint

15    charging Mr. Watkins with Violation of a No Contact or Protection Order in Olympia

16    Municipal Court under cause number 2020702 despite the absence of probable cause for

17    this charge. The City could have discovered the lack of probable cause via a review of

18    Thurston County Superior Court records on the Odyssey Case Search Portal[2] or by

19    reviewing Officer McKoon's report that clearly indicated that Mr. Watkins was only

20    served with the November 6, 2020 Reissuance after he was jailed. The case was charged

21    regardless.

22

23    _____
      [2] https://odysseyportal.courts.wa.gov/ODYPORTAL/Home/Dashboard/29
24

Morgan Hill, P.C.
2012 Carriage Drive, Building C
Olympia, WA 98502
Tel: (360) 357-5700 Fax: (360) 357-5761

1   3.16   Mr. Watkins remained in custody and was arraigned on November 12, 2020. At

2        arraignment, Mr. Watkins was represented by public defender Diana Duch. Probable

3        cause was stipulated to for the purpose of the hearing despite the City's inability to offer

4        evidence that Mr. Watkins had knowledge of the November 6, 2020 Reissuance. A plea

5        of not guilty was entered. The Honorable Judge Pro Tem Charles H. Houser III

6        established bail at $2,500.00 and issued a second no contact order restraining Mr.

7        Watkins from contacting Mrs. Watkins under RCW 10.99.040, despite Mrs. Watkins

8        appearing and asking that no NCO to be issued. Mr. Watkins was found to be indigent,

9        and public defender Mark Baum was appointed to represent him. A pretrial hearing was

10       set for November 20, 2020.

11   3.17   Mr. Watkins could not post bail with cash or through a bondsman until November 13,

12        2020. On November 13, 2020, Mr. Watkins posted a bond through Aladdin Bail bonds.

13        Mr. Watkins had spent six days in jail.

14   3.18   Mr. Watkins met with Attorney Baum prior to the November 19, 2020, hearing, but very

15        briefly. A speedy trial waiver was executed with a commencement date of January 8,

16        2021, and the pretrial hearing was continued and rescheduled for January 8, 2021. The

17        issue concerning the lack of probable for the charge was not raised with the court.

18        Emails obtained by the Plaintiffs between Attorney Baum and the City show that

19        Attorney Baum never once raised the lack of probable cause issue with the prosecutor

20        and the emails were alarmingly brief, only discussing Mrs. Watkins appearing to modify

21        the NCO, continuances, and a request for an offer of a stipulated order of continuance

22        (SOC).

23

24

Morgan Hill, P.C.
2012 Carriage Drive, Building C
Olympia, WA 98502
Tel: (360) 357-5700 Fax: (360) 357-5761

3.19 Mr. Watkins remained houseless and restrained from Mrs. Watkins and the marital home, and thus was denied access to his children. Mr. Watkins then missed Thanksgiving, Christmas, and New Year's Day with his family while his case was pending. Mr. Watkins also missed G.W.'s birthday.

3.20 Mrs. Watkins was then a married but single parent. Mrs. Watkins was deprived of Mr. Watkins' help with their then three children as Mr. Watkins was no longer in the home to cook, clean, and support her. Nor was Mr. Watkins in the home to transport the children to and from school, play with them, aid in their development, and support them. Mr. Watkins was and is a good father. The secure attachments he had with the children and the stability and love that he brought were robbed from Mrs. Watkins. No childcare arrangements or any help from third parties was sufficient to replace Mr. Watkins. The children were confused, lonely, and acting out in Mr. Watkins' absence.

3.21 Childcare was a nightmare for Mrs. Watkins. She was working as a certified nursing assistant recovery specialist on weeknights and weekends after she completed her classes at the Grays Harbor Community College Nursing Program.

3.22 Mrs. Watkins' performance in nursing school suffered drastically due to the stress of her husband's absence. She was late on assignments, made errors she typically did not make before, and appeared objectively unwell to her instructors. Professor D. Brogan, MN, RNC, noted on Mrs. Watkins' fall 2020 assessment that, "Rachel is taking longer to document and appears tired and pale. Encourage Rachel to reach out for any needed support."

3.23 Mrs. Watkins did reach out for additional support as she was suffering panic attacks under the stress and insomnia due to the stress. She sought counseling through the

Morgan Hill, P.C.
2012 Carriage Drive, Building C
Olympia, WA 98502
Tel: (360) 357-5700 Fax: (360) 357-5761

school. She then contacted her primary care provider. She was diagnosed with an anxiety disorder and had to begin taking prescription medication accordingly. Her anxiety was only somewhat relieved when Mr. Watkins was finally allowed to return to the home.

3.24   On January 7, 2021, Mrs. Watkins filed a protected person statement with the court, asking that the no contact order be terminated so that Mr. Watkins could return home and help parent their children. At the pretrial hearing on January 8, 2021, The Honorable Judge Scott Alfe granted her request in part and modified the no contact order to allow Plaintiffs to have written communication with one another regarding their children. Mr. Watkins was still restrained from going to the marital home. A third pretrial hearing was then set for February 26, 2021.

3.25   On January 7, 2021, Mr. Watkins attempted to meet with Attorney Baum to discuss the merits of the case and defense theory. Mr. Watkins was pressured to take a plea agreement with 10 days in custody with credit for time served and to be subject to probation. It is unclear if a stipulated order of continuance or deferred sentence was ever offered to Mr. Watkins. Even if Mr. Watkins was to enter such a "diversion" type arrangement, he would still have been required to stipulate to the admissibility of police reports and waive his right to present any meaningful defense. This SOC would have further required Mr. Watkins to be on under the supervision of the Olympia Municipal Court's Probation Department for a period of at least one year just as if he were convicted of the underlying charge. Attorney Baum at no time exercised the basic diligence required of him and did not review the case history of Thurston County Superior Court cause number 20-2-30691-34. If he had performed even the most cursory

Morgan Hill, P.C.
2012 Carriage Drive, Building C
Olympia, WA 98502
Tel: (360) 357-5700 Fax: (360) 357-5761

1  review of the case, then he would have discovered immediately that Mr. Watkins had
2  been charged absent probable cause.

3.26  On February 25, 2021, Attorney Baum and City Prosecutor Pinkston agreed to continue the pretrial hearing set for February 26, 2021, on an ex parte basis. Mr. Watkins again executed a speedy trial waiver and a new pretrial date of April 2, 2021, was set. On this same date, Mrs. Watkins again filed a protect person statement asking that the no contact order be terminated in full and requesting that Mr. Watkins be offered a plea deal to bring the case to its conclusion.

3.27  During this time, Mrs. Watkins was attempting to contact Attorney Baum's office to communicate the fact that Mr. Watkins had never been served with the November 6, 2020, Reissuance prior to his arrest. Mrs. Watkins emailed Attorney Baum and did not receive a response. She could not find Attorney Baum's website as it was down at the time, and the phone number that the court provided to her for Attorney Baum was inoperable. Mrs. Watkin's messages went unanswered. Attorney Baum further never initiated or attempted a witness interview with Mrs. Watkins as part of his work on the case, despite representing on the record at a previous hearing that he would be contacting Mrs. Watkins regarding the case.

3.28  On April 2, 2021, the criminal matter was again set over for a fifth pretrial hearing on April 16, 2021. On April 16, 2021, the matter was set over for a sixth pretrial hearing on April 30, 2021.

3.29  During this time, Mr. Baum discussed the merits of the case with Mr. Watkins and tried to convince him to take a plea or diversion deal of some kind. It is unclear what Attorney Baum's advice was, but he so urged Mr. Watkins while indicating that the

Morgan Hill, P.C.
2012 Carriage Drive, Building C
Olympia, WA 98502
Tel: (360) 357-5700 Fax: (360) 357-5761

prosecution would call Mrs. Watkins to testify and that there was not much Mr. Baum could do to defend the case at trial. Mr. Watkins was told that the case was sure to amount in a finding of guilt at trial.

3.30  On April 27, 2021, Mr. Watkins retained private counsel. The Defense completed a review of the procedural history of Thurston County Case 20-2-30691-34 on the Odyssey Portal and a check of the date of violation for the Olympia Municipal Court case on the Washington Judicial Information System. There could not have been probable cause to arrest Mr. Watkins for Violation of a No Contact or Protective Order on November 8, 2020, because Mr. Watkins had never been served with the November 6, 2020 Reissuance.

3.31  On April 30, 2021, private counsel entered a notice of appearance and substitution of counsel in the Olympia Municipal Court Case. Attorney Baum withdrew. At the time, Mr. Watkins had been restrained from Mrs. Watkins, the marital home, and by way of this his children, for a period of 171 days.

3.32  On May 5, 2021, negotiations began between private counsel and Ms. Pinkston. The Defense explained the procedural history of cause number 20-2-30691-34, the arresting officer's error of making an arrest absent probable cause, and the errors in the City's decision to charge the case. The Defense then sent follow up emails to Ms. Pinkston on May 5, 7, and 10, 2021.

3.33  On May 10, 2021, Ms. Pinkston agreed to dismiss the case.

3.34  On May 12, 2021, the Honorable Judge Scott Alfe signed an order dismissing the case and terminating the no contact order- an order which would stay in effect in criminal information databases until the next business.

Morgan Hill, P.C.
2012 Carriage Drive, Building C
Olympia, WA 98502
Tel: (360) 357-5700 Fax: (360) 357-5761

3.35    On May 13, 2021, Mr. Watkins returned to his family after being restrained from his wife for 186 days.

3.36    Fearing for their family's well being and any further injustice at the City of Olympia's hands, Mr. and Mrs. Watkins moved their family to Steilacoom, Washington in March of 2021. They would have moved sooner if possible. The Watkins family now avoids entering Olympia even for basic errands.

3.36    Mr. Watkins continues to suffer anxiety and fear regarding law enforcement and the criminal justice system following the false arrest and imprisonment, malicious prosecution, incarceration, deprivation of his Sixth Amendment right to adequate appointed counsel, and restraint from his family.

3.37    Mrs. Watkins continues to suffer anxiety cause by Defendants' removal of Mr. Watkins from the marital home.

3.38    L.W., T.W., and G.W., continue to experience the stress and anxiety caused by Mr. Watkins' absence. When Mr. Watkins leaves the home, they need to be assured that he will return and that, "Daddy is not going to jail." The children further loathe entering Olympia because of what happened to their father.

## IV. CAUSES OF ACTION

### FIRST CLAIM
### FOURTH AND FOURTEENTH AMENDMENT RIGHTS
### WRONGFUL ARREST

Count 1
*Monell*/Municipal Liability – 42 U.S.C. 1983
by Plaintiffs against City of Olympia

Morgan Hill, P.C.
2012 Carriage Drive, Building C
Olympia, WA 98502
Tel: (360) 357-5700 Fax: (360) 357-5761

4.1      Plaintiffs reallege each and every paragraph in this Complaint as if fully set forth here.

4.2      Defendant City of Olympia has an official policy, practice, or custom of allowing its officers to wrongfully arrest people for violation of a no contract or protective order, where there is no probable cause to believe a crime has been committed; and/or has failed to properly train officers to refrain from making such arrests; and/or has allowed numerous other similar incidents; and/or has encouraged or acquiesced in this unlawful behavior, and/or failed to adequately supervise or discipline their officers regarding such unconstitutional arrests, thus evincing deliberate indifference to Plaintiff Mr. Watkin's constitutional rights, sufficient to support a verdict that the City caused the wrongful arrest of Plaintiff Mr. Watkins.

4.3      Defendant City is directly liable to Plaintiff Mr. Watkins for its unconstitutional policies, customs, or practices; and/or for failing to properly train, supervise, or discipline its officers.

4.4      Such unconstitutional policies and failure to train, supervise, and discipline violated Plaintiff Mr. Watkins' right to be free from wrongful arrest, under the Fourth and Fourteenth Amendments of the United States Constitution.

4.5      As a direct and proximate result of the actions and omissions described in this Complaint, Plaintiff Mr. Watkins was wrongfully arrested, causing economic and noneconomic damages, in an amount to be determined at trial.

4.6      Plaintiff Mr. Watkins was required to hire attorneys to represent him in this matter and is thus entitled to an award of reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988.

Count 2

Morgan Hill, P.C.
2012 Carriage Drive, Building C
Olympia, WA 98502
Tel: (360) 357-5700 Fax: (360) 357-5761

## FOURTH AND FOURTEENTH AMENDMENT RIGHTS
## WRONGFUL ARREST

by Plaintiff Watkins, against Defendants McKoon, Houser, Watkins, Winner, and Allen

4.7 Plaintiffs restate and reallege each and every paragraph of this Complaint as if fully set forth here.

4.8 Defendants' conduct described in this Complaint violated the clearly established rights of Plaintiff Mr. Watkins to be free from unreasonable seizure, including a right to be free from arrest or detention without reasonable suspicion or probable cause under the Fourth and Fourteenth Amendments to the U.S. Constitution.

4.9 The complete failure to understand the procedural history of Thurston County Case #20-2-30691-34 and to verify whether Plaintiff Mr. Watkins was served with the November 6, 2020, Reissuance, formed the purported basis for the arrest of Plaintiff Mr. Watkins.

4.10 Defendant McKoon and Officers Houser, Winner, and Watkins, who assisted with the arrest of Plaintiff Mr. Watkins, lacked probable cause to arrest him.

4.11 Defendants knew or should have known that arresting Plaintiff Mr. Watkins would deprive him of his rights under the Fourth and Fourteenth Amendments to the U.S. Constitution.

4.12 As a direct and proximate cause of the actions described herein, Plaintiff Mr. Watkins sustained economic and noneconomic damages, including loss of liberty, all to his damage in an amount to be ascertained according to proof at trial.

4.13 The actions of the individual Defendants were malicious, deliberate, intentional, and embarked upon with the knowledge of, or in conscious disregard of, the harm that would

Morgan Hill, P.C.
2012 Carriage Drive, Building C
Olympia, WA 98502
Tel: (360) 357-5700 Fax: (360) 357-5761

1 be inflicted upon Plaintiff Mr. Watkins, such that an award of punitive damages is

2 appropriate.

3 4.14 Plaintiff Mr. Watkins was required to hire attorneys to represent him in this matter and is

4 thus entitled to an award of reasonable attorney fees and costs pursuant to 42 U.S.C. §

5 1988.

6

### SECOND CLAIM
7 ### FOURTH AND FOURTEENTH AMENDMENT RIGHTS
### MALICIOUS PROSECUTION
8

9 #### Count 2
Malicious Prosecution in Violation of Plaintiff's Fourth Amendment Rights – 42 U.S.C. 1983
10 by Plaintiffs against Defendant McKoon

11
4.15 Plaintiffs reallege each and every paragraph in this Complaint as if fully set forth here.
12

4.16 At all material times, Defendant McKoon acted under color of state law in her role as a
13
police officer for the Olympia police department.
14

15 4.17 By preparing the probable cause and incident/investigation reports identified in the

16 paragraphs, above and submitting those reports to the City of Olympia Municipal/City

17 Attorney for purposes of prosecution, Defendant McKoon initiated or caused to be

18 initiated a criminal proceeding against Plaintiff Mr. Watkins.

19 4.18 The criminal proceeding Defendant McKoon initiated or caused to be initiated ended in

20 Plaintiff Mr. Watkins' favor when the case was dismissed on May 12, 2021.

21 4.19 Defendant McKoon made her determination to arrest, arrested Mr. Watkins, and referred

22 the case for prosecution in reckless disregard of Mr. Watkins' rights when she either

23 neglected to confirm if Mr. Watkins had been served with the November 6, 2020,

24

Morgan Hill, P.C.
2012 Carriage Drive, Building C
Olympia, WA 98502
Tel: (360) 357-5700 Fax: (360) 357-5761

Reissuance or arrested him knowing that he had not been served with the November 6, 2020, Reissuance as evidenced by her serving him with this order while he was in custody. As such, the criminal proceeding Defendant initiated or caused to be initiated against Plaintiff Mr. Watkins was without probable cause.

4.20 The criminal prosecution was maliciously initiated or caused to be initiated by Defendant McKoon despite her knowing that there was a Court date on November 6, 2020, and that the ordered issued this day was now operative and that Mr. Watkins had not been served with that order.

4.21 As a result of Defendant McKoon's conduct, Plaintiff Mr. Watkins was taken to jail, kept under the jurisdiction of the court for six months, and restrained from his wife and thereby his family for 186 days. Such deprivations of Plaintiff Mr. Watkin's liberty constitute a seizure as a consequence of a legal proceeding.

4.22 As a direct result of Defendant's malicious prosecution, Plaintiffs have suffered mental distress, including extreme fear, embarrassment, humiliation, alienation from family, and Mr. Watkins' absence from important family events. Plaintiffs' non-economic damages are valued at an amount to be proven at trial. As a further consequence of Defendant McKoon's malicious prosecution, Plaintiffs have suffered economic damages in an amount to be proven at trial.

4.23 Plaintiffs are entitled to an award of his reasonable attorney fees incurred in the pursuit of this claim pursuant to 42 U.S.C. § 1988.

THIRD CLAIM
SIXTH AND FOURTEENTH AMENDMENT RIGHTS
DEPRIVATION OF SIXTH AMENDEMENT RIGHT TO COUNSEL

Morgan Hill, P.C.
2012 Carriage Drive, Building C
Olympia, WA 98502
Tel: (360) 357-5700 Fax: (360) 357-5761

Count 3
*Monell*/Municipal Liability – 42 U.S.C. 1983
by Plaintiffs against City of Olympia

4.24  Plaintiffs reallege each and every paragraph in this Complaint as if fully set forth here.

4.25  The attorney appointed to Plaintiff Mr. Watkins in Olympia Municipal Court was not adequately monitored by the City of Olympia.

4.26  Defendant City of Olympia failed to assign an attorney that would exercise basic diligence in reviewing the procedural history of the correlative Superior Court Protective Order Case, interview and counsel Plaintiff Mr. Watkins about the procedural history of the Superior Court Protective Order Case or the true merits of the criminal case, and devote time to interviewing Plaintiff Mrs. Watkins as a witness in the criminal case.

4.27  Plaintiff Mr. Watkins was deprived of reasonable opportunities to present defenses to the charge against him while he was represented by Olympia Municipal Court Contract Public Defender Mark Baum.

4.28  Plaintiff Mr. Watkins was deprived of meaningful opportunities to present defenses.

4.29  This lack of assistance of counsel resulted in Plaintiff Mr. Watkins being arraigned for a charge for which there was not probable cause, being held on bail that he could not afford, and being restrained from his family for a period of 186 days.

4.30  Defendant City of Olympia, acting under color of state law, violated Plaintiff Mr. Watkins' right to the assistance of counsel pursuant to the Sixth and Fourteenth Amendments to the United States Constitution.

FOURTH CLAIM
WA STATE/COMMON LAW FALSE IMPRISONMENT
*Moore v. Pay 'N Save Corp.*, 20 Wn. App. 482, 486, 581 P.2d 159 (1978)

Morgan Hill, P.C.
2012 Carriage Drive, Building C
Olympia, WA 98502
Tel: (360) 357-5700 Fax: (360) 357-5761

1   4.31   Plaintiffs reallege each and every paragraph in this Complaint as if fully set forth here.

2   4.32   False imprisonment exists when an individual is deprived of the liberty of movement.

3           The imprisonment may be accomplished by physical force alone, or by threat of force,

4           or by conduct reasonably implying that force will be used. Id. The detention must be

5           willful, without consent, and unlawful. *Moore*, 20 Wn. App. 482 (at 486?) (year).

6   4.33   Officer McKoon's conduct toward and arrest of Plaintiff Mr. Watkins, whereby she

7           detained and arrested him absent probable cause, amounted to false imprisonment. This

8           arrest was made despite the fact that Officer McKoon was aware that Mr. Watkins was

9           never served with the November 6, 2020 Reissuance.

10  4.34   Officer McKoon was then at the time of the arrest working in her capacity as an

11          employee of the Olympia Police Department, on duty, wearing a badge, using a OPD

12          patrol vehicle, and in full uniform. Officer McKoon's conduct, as an agent of the OPD

13          and City, toward Mr. Watkins caused him to suffer extensive damages, including pain

14          and suffering, loss of enjoyment of life, mental anguish, emotional distress, injury to

15          reputation, and humiliation and alienation from his wife and children.

16                              FOURTH CLAIM
17                      WA STATE/COMMON LAW NEGLIGENCE
18          *Mancini v. City of Tacoma*, 196 Wn.2d 864, 879, 479 P.3d 656, 664 (2021)

19  4.35   Plaintiffs reallege each and every paragraph in this Complaint as if fully set
20          forth here.

21  4.36   To prevail on a negligence claim, a plaintiff must show (1) the existence of a
22          duty to the plaintiff, (2) a breach of that duty, (3) a resulting injury, and (4)
23          the breach as the proximate cause of the injury. The duty of reasonable care
24          applies in the context of law enforcement and encompasses the duty to

Morgan Hill, P.C.
2012 Carriage Drive, Building C
Olympia, WA 98502
Tel: (360) 357-5700 Fax: (360) 357-5761

1 | refrain from directly causing harm to another through affirmative acts of

2 | misfeasance.

3 | 4.37 Officer McKoon had a duty to Plaintiff Mr. Watkins to refrain from directly causing him

4 | harm through affirmative acts of misfeasance. This duty was breach when Officer

5 | McKoon captured, restrained, and arrested Mr. Watkins without probable cause. This

6 | conduct resulted in and proximately caused Mr. Watkins to suffer extensive damages,

7 | including pain and suffering, loss of enjoyment of life, mental anguish, emotional

8 | distress, injury to reputation, and humiliation and alienation from his wife and children.

9 | 4.38 Because Officer McKoon was acting within the scope and duty of her employment with

10 | the Defendant City of Olympia when she negligently injured Plaintiff Mr. Watkins,

11 | Defendant City of Olympia is liable to Plaintiffs under the doctrine of respondeat

12 | superior.

13 | FIFTH CLAIM

14 | WA STATE/COMMON LAW LOSS OF CONSORTIUM
*Burchfiel v. Boeing Corp.*, 149 Wn. App. 468, 205 P.3d 145, 158 (2009)

15 | 

16 | 4.39 Plaintiffs reallege each and every paragraph in this Complaint as if fully set forth here.

17 | 4.40 As a result of the wrongful acts of Defendants, Plaintiffs suffered the loss of the

18 | fellowship of one another to the company, cooperation, and aid of the other in the

19 | matrimonial relationship, including emotional support, love, affection, care, services,

20 | companionship, including sexual companionship, as well as assistance of each Plaintiff

21 | to the other.

22 | 4.41 All of the injuries and damages above were caused solely and proximately by the

23 | wrongful acts of Defendants.

24 |

Morgan Hill, P.C.
2012 Carriage Drive, Building C
Olympia, WA 98502
Tel: (360) 357-5700 Fax: (360) 357-5761

## SIXTH CLAIM
## WA STATE/COMMON LAW
## INTENTIONAL/RECKLESS INFLICTION OF EMOTIONAL DISTRESS
*Spicer v. Patnode*, 9 Wn. App. 2d 283 443 P.3d 801, 807 (2019)

Plaintiffs against City of Olympia

4.42    Plaintiffs reallege each and every paragraph in this Complaint as if fully set forth here.

4.43    Officer McKoon, as an agent of the City of Olympia, conducted the false imprisonment and malicious prosecution of Plaintiff Mr. Watkins and this was extreme and outrageous. This conduct was intentional or reckless, at the least. Alternatively, this constituted Outrage.

4.44    This conduct actually and proximately caused severe emotional distress to Plaintiffs, Mr. Watkins, Mrs. Watkins, and their minor children, L.W., T.W. and G.W.

## VI. PRAYER FOR RELIEF

WHEREFORE, having set out their claims against Defendants, Plaintiffs pray for judgment on each of the above claims as follows:

5.1    Exercise jurisdiction over Plaintiffs' claims and grant a jury trial;

5.2    Award Plaintiffs economic and non-economic damages, in an amount to be ascertained according to proof, and interest on said sums from the date of judgment;

5.3    Award Plaintiffs punitive damages against the individual Defendants in an amount sufficient to punish them and deter others from like conduct;

5.4    Award Plaintiffs' reasonable attorney's fees and costs as provided by 42 U.S.C. § 1988; and

5.5    Such additional and further relief as the Court may deem just and equitable.

Morgan Hill, P.C.
2012 Carriage Drive, Building C
Olympia, WA 98502
Tel: (360) 357-5700 Fax: (360) 357-5761

1

2     DATED this 2nd day of June 2022

3

4

          Lorenzo R. Leoni, #52659

5           Attorney for Plaintiffs
          MORGAN HILL, P.C.

6           2102 Carriage Dr SW, Building C
          Olympia, WA 98502

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

Morgan Hill, P.C.
2012 Carriage Drive, Building C
Olympia, WA 98502
Tel: (360) 357-5700 Fax: (360) 357-5761