1

2

3

4

5

6                         UNITED STATES DISTRICT COURT
                         WESTERN DISTRICT OF WASHINGTON
7                                    AT TACOMA

8    DONTEY M. WATKINS and RACHEL R.          CASE NO. 3:22-cv-5554
     WATKINS, husband and wife, and on behalf
9    of minors: L.W., T.W., and G.W.,
                                              ORDER DENYING PLAINTIFFS'
                         Plaintiffs,          MOTION TO COMPEL APPEARANCE
10                                            AND TESTIMONY
              v.
11
     CITY OF OLYMPIA, a Washington
12   Municipal Corporation; OFFICER
     BROOKLYN MCKOON; OFFICER B.
13   HOUSER; OFFICER A. WATKINS;
     OFFICER J. WINNER; and INTERIM
14   CHIEF RICH ALLEN,
                         Defendants.
15

16          Before the Court is Plaintiffs' two-page motion to compel the deposition of Kristina

17   Goulet. The motion is procedurally deficient in many respects—for example, there is no

18   supporting declaration—but it is also missing key factual details, like who is Goulet and what is

19   her role in this case. This latter point is of central importance because the rules for commanding

20   a party to appear for a deposition vary greatly from the rules for commanding a non-party

21   witness to appear. Based upon the Court's review of the record, Goulet appears to be a non-

22   party, so for the reasons explained below, Plaintiffs' motion is DENIED without prejudice.

23

24

- 1

By way of background, Plaintiffs allege that a process server served Goulet with a "Notice of Oral Examination" on April 13, 2023, noting a Zoom deposition for April 21, 2023. Dkt. Nos. 12, 14. The parties agreed to renote the deposition for May 1, 2023, and Plaintiffs emailed and mailed Goulet an amended notice. Goulet did not appear for the deposition. The motion does not state whether Goulet ever agreed to be deposed. Setting aside the lack of a supporting declaration concerning service or consent to a remote deposition, Plaintiffs have provided the Court with no context as to who Goulet is. Goulet is not named in the Complaint. *See* Dkt. No. 1. Nor has Goulet appeared in this litigation. *See* docket generally.

Goulet's affiliation is important because "[t]he Federal Rules of Civil Procedure distinguish between parties and non-parties in establishing available discovery devices." *Jules Jordan Video, Inc. v. 144942 Canada, Inc.*, 617 F.3d 1146, 1158 (9th Cir. 2010). "If a person is a party, a simple notice of deposition is sufficient to compel attendance, while a non-party's attendance can be compelled only by subpoena." *Id.* Rule 45 permits a party to serve a subpoena commanding a non-party to "attend and give testimony or to produce and permit inspection and copying of" documents. Fed. R. Civ. P. 45(a)(1)(c). "[B]ecause Rule 45 is the only discovery-related Rule that pertains to non-parties, numerous courts have held explicitly that a Rule 45 subpoena is required to obtain discovery from a non-party." *Thompson v. Gonzales*, No. 1:15-CV-301-LJO-EPG, 2016 WL 5404436, at *4 (E.D. Cal. Sept. 27, 2016) (collecting cases). "[T]he Court's power to order non-party discovery, if any, is derived exclusively from Rule 45." *Id.* at *8.

Plaintiffs have only served Goulet with a "Notice of Deposition." Dkt. Nos. 12, 14. But because she is not a party to the action, a Rule 30 deposition notice will not suffice to compel her attendance at a deposition. To the extent she is a third-party witness, Plaintiffs must comply with

Fed. R. Civ. P. 45 to compel Goulet to testify. Plaintiffs do not allege, much less demonstrate, that they have served Goulet with a Rule 45 subpoena.

Accordingly, the Court DENIES Plaintiffs' motion to compel without prejudice. Dkt. No. 16.

Dated this 15th day of August, 2023.

Jamal N. Whitehead
United States District Judge